# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA,<br>      Plaintiff,<br><br>  vs.<br><br>SIXTY EIGHT THOUSAND NINE HUNDRED FIFTY DOLLARS IN U.S. CURRENCY, ($68,950.00),<br>      Defendant.<br><br>DAVID MORRIS BARREN,<br>      Claimant. | Civil Action No. 14-622<br>Judge Nora Barry Fischer<br>Magistrate Judge Maureen P. Kelly |

## MEMORANDUM ORDER

The above-captioned pro se "Motion For Relief of Judgment Pursuant to Fed.R.Civ.P. Rule 60 (b)" (the "Motion"), was received by the Clerk of Court on May 13, 2014, and was referred to Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

Magistrate Judge Kelly's Report and Recommendation, ECF No. 2, filed on May 22, 2014, recommended that the Motion be dismissed prior to being served because David Morris Barren ("Barren") sought to utilize the Motion to challenge a state court judgment of forfeiture. The Report recommended dismissal because Fed.R.Civ.P. 60 does not apply to state court judgments. Barren was informed that, in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the local rules, he had a until June 9, 2014 to file objections. Petitioner filed objections. ECF No. 3.

Those objections do not merit extended comment or rejection of the Report. For the first time in his Objections, Petitioner invokes this Court's ancillary jurisdiction pursuant to

Fed.R.Crim.P. 41(g), so as to argue that this Court could review the state court judgment of forfeiture and, Barren cites in support thereof, United States v. Fabela-Garcia, 753 F.Supp. 326 (D. Utah, 2006) (construing Fed.R.Crim. P. 41(g)). There are several problems with Barren's invocation of Fed.R.Crim.P. 41(g).

First, where issues or arguments are raised for the first time in objections, they are waived. See, e.g., Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); Jimenez v. Barnhart, 46 F. App'x 684, 684 (3d Cir. 2002)("because Appellant raised the argument that she is entitled to a closed period of disability for the first time in her objections to the Magistrate Judge's Report and Recommendations, and not in her opening brief, we deem this argument waived.")(citing Laborers' Int'l Union of N.A. v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994)); Heston v. Commissioner of Social Sec., 245 F.3d 528, 535 (6th Cir. 2001) ("parties may not raise new arguments or issues at the district court stage that were not presented to the Magistrate Judge."); Ward v. United States, 208 F.3d 216 (Table), 2000 WL 282648, at *1 (6th Cir. 2000)("Ward had not raised this argument previously and a claim raised for the first time in objections to a magistrate judge's report is deemed waived."). Accordingly, Barren's argument, raised for the first time in his objections to the Report, that this Court possesses ancillary jurisdiction to review the state court judgment of forfeiture is waived.

Secondly, Barren fails to recognize that Fabela-Garcia was abrogated by Clymore v. United States, 164 F.3d 569, 571 (10th Cir. 1999), *superseded by statute on other grounds as recognized in*, Kadonsky v. U.S., 3 F. App'x 898 (10th Cir. 2001), to the extent Fabela-Garcis held federal courts retain jurisdiction over items seized by state authorities because the federal government had constructive possession of the property based upon the contention that the state

had deferred to the federal authorities in all aspects of prosecuting the criminal. United States v. Copeman, 458 F.3d 1070, 1072-73 (10th Cir. 2006). Barren fails to note that Fabela-Garcia was abrogated.

Lastly, recognizing the futility of attempting to utilize the Federal Rules of Civil or Criminal Procedure to accomplish what he wishes to accomplish, namely, to "vacate" the state court judgment of forfeiture, Plaintiff asks the court to re-characterize the Motion as being a civil rights action. ECF No. 3 at 4, ¶ 13 ("should the Court re-characterize the Rule 60 motion as one filed pursuant to 42 U.S.C. § 1983, . . . my complaint will immediately be filed." ).

In light of Barren's suggestion, we deem the Motion to constitute a civil rights action, asking this Court to review the state court judgment of forfeiture and, as such, we dismiss the action sua sponte pursuant to the Prison Litigation Reform Act, for failure to state a claim upon which relief can be granted because the Rooker-Feldman doctrine bars this Court from reviewing the state court judgment of forfeiture. Thomas v. Miner, 317 F.App'x 113, 114 n.1 (3d Cir. 2008) ("lower federal courts lack subject matter jurisdiction to engage in appellate review of state court determinations or to evaluate constitutional claims that are 'inextricably intertwined with the state court's [decision] in a judicial proceeding.'")( quoting Marks v. Stinson, 19 F.3d 873, 885 n. 11 (3d Cir. 1994)).

After de novo review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this 10th day of June 2014;

IT IS HEREBY ORDERED that the Motion is dismissed sua sponte either because Barren cannot utilize a Motion filed pursuant to the Federal Rules to challenge a state

3

court judgment or because, even if construed as a civil rights action, the Rooker-Feldman doctrine bars this suit.

IT IS FURTHER ORDERED that the Report and Recommendation, ECF No. 2, filed on May 22, 2014, by Magistrate Judge Kelly, is adopted as the opinion of the court as supplemented by this memorandum order.

The Clerk is to mark the case closed.

> s/Nora Barry Fischer
> Nora Barry Fischer
> United States District Judge

cc: The Honorable Maureen P. Kelly
United States Magistrate Judge

David Morris Barren
09803-068
Hazelton -U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 200
Bruceton Mills, WV 26525